Circuit Court of· Summit County.

WILLIAM SCHLIEWE v. W. FRANK POOLE.

Decided, October 11, 1909.

*Vacating Judgment Obtained by Fraud—Motion Filed More Than Three Days After Next Term.*

It is error to vacate a judgment for fraud in obtaining it on motion filed more than three days after the beginning of the next term of court.

*Holloway & Chamberlain,* for plaintiff in error.
*J. A. H. Myers,* contra.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

This litigation originated in a justice's court. After judgment it was appealed to the common pleas court, where petition was filed September 26, 1908, and for want of answer or demurrer, judgment was rendered December 21, 1908, during the September term of court. A motion to vacate said judgment was filed February 13, 1909, more than three days after the beginning of the January term; and later this motion was granted, upon the ground set forth in the motion. This ground was that the parties had agreed that no pleadings should be filed nor anything done in the action, pleading negotiations for settlement, but that during the progress of those negotiations the plaintiff, without the knowledge of the defendant, filed his petition and subsequently took judgment.

The error here assigned is that the court of common pleas had no jurisdiction to vacate a judgment upon a motion filed more than three days after the beginning of the next ensuing term of court. This is true with respect to the third ground mentioned in Section 5354 of the Revised Statutes for vacating or modifying judgments after term, to-wit, "For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order."

It is not true of the fourth ground mentioned in said Section 5354, *i. e.,* "for fraud practiced by the successful party in obtaining the judgment or order." See Sections 5357 and 5358.

*Follett* v. *Alexander et al,* 52 Ohio St., 202, affords an illustration of such irregularity in obtaining judgment as will authorize its vacation on motion filed more than three days after the commencement of the next succeeding term.

*Ralston* v. *Wells,* 49 Ohio St., 298, affords illustration of fraud practiced by the successful party in obtaining judgment, necessitating the filing of a petition and the issuance of summons, if the proceedings to vacate are begun at a subsequent term.

The case before us comes within the latter category, and the application here having been made by motion instead of by petition, it is apparent that the court below was without jurisdiction to entertain it.

A further reason why the judgment below should be reversed is found in the non-observance of Section 5360, Revised Statutes, which provides that, "A judgment shall not be vacated on motion or petition until it is adjudged that there is a full defense to the action in which the judgment is rendered," etc. *Follett* v. *Alexander et al, supra.*

The vacating of the judgment in this case was therefore erroneous and void for want of jurisdiction.

The judgment to that effect will therefore be reversed and the original judgment restored in full force and effect.